Case 6:21-cv-00001 Document 28 Filed on 05/25/21 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-1 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 25). Petitioner has failed to file a timely response which, pursuant to the local rules, is taken as a representation of no opposition to the pending Motion. For the reasons stated below, it is respectfully recommended Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 25), this habeas petition be **DISMISSED**, and Petitioner be **DENIED** a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the inmate is confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959,

961-62 (5th Cir. 2000). Petitioner is currently incarcerated in Cuero, Texas. Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(5).

## II.     BACKGROUND

On September 15, 2020, Petitioner was charged in Case Number 20210011193 with violating TDCJ Disciplinary Offense Code 3.3, Level One ("Assaulting another person, who is not an offender, without a weapon that results in a non-serious injury or no injury")[1] after he "yank[ed] a piece of paper out of [Nurse Walantas'] hand" on September 7, 2020 but did not cause any injury. (D.E. 1, Pages 5-7 and D.E. 23-2, Pages 4-5). At the disciplinary hearing, after Petitioner entered a plea of not guilty, based on the charging officer's report and witness statements from Nurse Walantas, Sgt. Basnight and Assistant Warden Cooper, Petitioner was found guilty and punished as follows: (1) loss of 45 days of commissary and recreation privileges (2) loss of 45 days telephone system privileges (OTS) (3) a reduction in line class status from S3 to L1 and (4) a loss of 100 days good time credit. (D.E. 23-2, Pages 4-9).

On September 16, 2020, Petitioner filed a Step 1 grievance asserting he was not served with notice of the offense until more than 24 hours after the incident; Nurse Walantas falsified government records and produced fraudulent documents against him; and there was insufficient evidence to support the charge. (D.E. 23-1, Pages 3-4). His Step 1 grievance was denied on September 29, 2020 with a finding that the disciplinary

---

[1]TDCJ-CID Disciplinary Rules and Procedures for Offenders can be accessed at https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (last visited May 21, 2021).

process procedures were followed, the punishment was within the guidelines, and there was sufficient evidence to support a guilty verdict. (D.E. 23-1, Page 4). Petitioner filed a Step 2 grievance asserting his counsel substitute was ineffective; Sgt. Opiela falsified records and produced fraudulent documents because he wrote the offense report without having direct knowledge of the incident; and there was insufficient evidence to support the charge. (D.E. 23-1, Pages 5-6). His Step 2 grievance was denied on November 23, 2020 with a finding there was sufficient evidence to support a finding of guilt; no due process or procedural errors were noted; the punishment was within the established guidelines and the elements of the charge were met. (D.E. 23-1, Page 6).

Petitioner filed this habeas petition on January 8, 2021,[2] asserting his counsel substitute was ineffective; Sgt. Opiela falsified records and produced fraudulent documents because he wrote the offense report without having direct knowledge of the incident; and evidence was destroyed and false testimony was given by Nurse Walantas, Assistant Warden Cooper and Captain Moreno. (D.E. 1, Pages 5-8). Petitioner also asserts a claim against "Chief of Classification V. Maciel" for "substandard duty performance/not honoring medical records 10-29-2019" and also arguably asserts a claim of insufficient evidence. (D.E. 1, Pages 6-7). On April 30, 2021, Respondent filed a Motion for Summary Judgment asserting Petitioner's claims are unexhausted and procedurally barred or, alternatively, without merit. (D.E. 25). The undersigned agrees Plaintiff's claims, with the exception of sufficiency of the evidence, are unexhausted and

---

[2]Petitioner dated his Petition January 2021, not including a specific day. (D.E. 1, Page 10). The attached envelope does not include a postmark. (D.E. 1-1). Therefore, the undersigned is using the date the Petition was received by the Court, which is less than two months after Petitioner's Step Two grievance was denied. (D.E. 1 and D.E. 23-1, Page 6).

procedurally barred and therefore, recommends dismissal. The undersigned further recommends dismissal of Plaintiff's sufficiency of the evidence claim as it is without merit.

### III. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion for Summary Judgment.

### IV. DISCUSSION

Respondent argues Petitioner's habeas petition should be dismissed because Petitioner did not properly exhaust his administrative remedies as to any of his allegations. The undersigned agrees, except as to Plaintiff's sufficiency of the evidence

claim.³  A state prisoner must generally exhaust all available state remedies before proceeding in federal court.  28 U.S.C. § 2254(b) and (c).  Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first fully exhaust prison grievance procedures.  *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993); *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (Texas courts do not hear appeals of prison disciplinary proceedings); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (same).  TDCJ uses a two-step grievance process and a prisoner must properly present his claims in both steps to exhaust his administrative remedies.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  A prisoner must "present each of his grounds for federal habeas relief in both his Step 1 and Step 2 grievances." *Turner v. Thaler*, No. H-09-3562, 2010 WL 5188155, at * (S.D. Tex. Dec. 14, 2010).  Any claim not exhausted is procedurally barred from federal habeas review.  *Id.*; *Davis v. TDCJ*, No. H-17-757, 2017 WL 6060670, at *2 (S.D. Tex. Dec. 6, 2017) ("When an inmate has not raised his claims in both a step one and a step two grievance, the claims are unexhausted" and "an inmate's failure to avail himself of the process in a timely and procedurally correct manner renders the unexhausted claims procedurally barred from review.") (citing *Colemen v. Thompson*, 501 U.S. 722, 735 (1991) (other citations omitted)); *Thomas v. Quarterman*, No. H-08-3456, 2009 WL 1795000, at *2 (S.D. Tex. June 24, 2009) ("Although petitioner submitted both a step one and a step two grievance, he failed to present his instant habeas

---

³Respondent addresses Petitioner's claim of sufficiency of the evidence by combining Petitioner's first four grounds for relief listed in his petition.  (D.E. 25, Pages 17-19).

grounds in both steps…[and therefore] failed to present properly all of his claims throughout the grievance process" rendering his claims for federal habeas relief unexhausted and procedurally barred).

Here, Petitioner did not properly exhaust his administrative remedies. Other than his claim of insufficient evidence, Plaintiff failed to raise his claims in both his Step One and Step Two grievances. As such, Petitioner failed to present his grievances in a procedurally correct manner and his claims are unexhausted. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion requires that inmates comply with prison administrative rules); *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005) (explaining lack of exhaustion may be excused and federal habeas review granted upon showing of "cause for defaults and actual prejudice," or "that 'failure to consider the claims will result in a fundamental miscarriage of justice.'") (citations omitted). The undersigned recommends Petitioner has failed to allege any valid circumstance which would allow the Court to excuse the exhaustion requirement. He has provided no reason for his failure to exhaust his claims and does not deny he removed the papers from Nurse Walantas' hand, although he disputes how forcefully he did it. (D.E. 23-2, Pages 6, 13 and 15). Accordingly, it is respectfully recommended Petitioner's claims are unexhausted and procedurally barred and should, therefore, be dismissed.

However, as it appears Petitioner may have exhausted a general sufficiency of the evidence claim and arguably raises this claim in his pending petition, the undersigned considers this claim on the merits. Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relief shall not

extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 631 (1993). In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence. Privilege and recreation limitations and adjustments to a prisoner's classification also do not implicate due process. *Madison*, 104 F.3d at 768; *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). To the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768-69. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* As such, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not create] a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d

at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Therefore, Petitioner's loss of commissary, telephone and recreation privileges as well as his reduction in line class status do not implicate the Due Process Clause.

As to Petitioner's loss of good time days, Petitioner alleges there was insufficient evidence to support the charges. Federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited as due process is satisfied when there is "some evidence" to support the disciplinary finding. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001) (citation omitted). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536–537 (citation omitted); *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.") (internal citations omitted). Here, the determination was supported by the offense report as well as witness statements from Nurse Walantas,

Sgt. Basnight and Assistant Warden Cooper. (D.E. 23-2, Pages 4-9). Nurse Walantas reported Petitioner "snatched an old restriction sheet" from her hand and walked away. (D.E. 23-2, Page 7). Sgt. Basnight stated he observed Petitioner "aggressively take a sheet of paper from her hand" and Assistant Warden Cooper stated Nurse Walantas "was advising offender of his medical restrictions on file when [he] became upset and grabbed the medical documentation out of her hands and began to walk off into the F-Wing Dayroom." (D.E. 23-2, Pages 8-9). Accordingly, this constitutes sufficient evidence to support the hearing officer's finding of guilty and the undersigned recommends Petitioner's claim of insufficient evidence also fails on the merits.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the Court find Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

For the reasons stated below, it is respectfully recommended Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 25), this habeas petition be **DISMISSED**, and Petitioner be **DENIED** a certificate of appealability.

Respectfully submitted this 25th day of May 2021.

                                             Jason B. Libby
                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).