UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00001 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the May 25, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 28). In the M&R, Magistrate Judge Libby recommends that the Court: (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) dismiss *pro se* Petitioner Stephen Wayne Richardson's petition for writ of habeas corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability. Richardson did not file a response to the Motion for Summary Judgment.[1]

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1). Lumpkin filed timely

---

[1] Under the local rules, "[f]ailure to respond to a motion will be taken as a representation of no opposition." Southern District of Texas Local Rule 7.4. While "a district court may not grant a motion for summary judgment merely because it is unopposed," *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010), if no response to a motion for summary judgment has been filed, the Court may find as undisputed the facts in the motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

objections. (Dkt. No. 29). Richardson did not.² As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Relevant here, a court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). The Court has conducted *de novo* review of the portions of the M&R to which the Objections were made, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

## I.   DISCUSSION OF OBJECTIONS

Magistrate Judge Libby recommends that the Court grant Lumpkin's Motion for Summary Judgment and dismiss Richardson's habeas petition that challenges his prison-disciplinary conviction. Specifically, Magistrate Judge Libby found that Richardson's "claims, with the exception of sufficiency of the evidence, are unexhausted and procedurally barred" and thus recommends dismissal. (Dkt. No. 28 at 3–4). Second, Magistrate Judge Libby found that Richardson's sufficiency of the evidence claim is without merit. (*Id.* at 4).

In his Objections, Lumpkin agrees with the decision to dismiss the petition and deny a certificate of appealability. (Dkt. No. 29 at 3). Lumpkin, however, objects out of

---

   ²   Instead, on September 1, 2021—three months after the M&R was filed—Richardson requested an update on Lumpkin's response to his habeas petition. (Dkt. No. 30). The docket reflects that the Clerk was instructed to mail another copy of the M&R to Richardson in response to his request for a status update. The additional copy of the M&R was mailed on September 10, 2021. On October 4, 2021—twenty-four days after the Clerk mailed the M&R—Richardson filed a Prisoner's Civil Rights Complaint. (Dkt. No. 32). Richardson believed his habeas petition was dismissed by Magistrate Judge Libby on May 25, 2021. (*Id.* at 2). The Court thus does not construe the October 6, 2021 filing as an objection to the M&R. Moreover, the filing is untimely.

an abundance of caution "to the extent that [the Magistrate Judge] construes Richardson to have exhausted a sufficiency of the evidence claim for review." (*Id.* at 2–3).

## II. ANALYSIS

Magistrate Judge Libby concludes that Richardson's claims, except for insufficient evidence, are unexhausted and thus procedurally barred because he does not raise those claims in both his Step One and Step Two grievances.[3] (Dkt. No. 28 at 6). Again, Lumpkin lodges the sole objection in this case, arguing that Richardson failed to exhaust his sufficiency of the evidence claim. (Dkt. No. 29 at 2–3). The Court overrules the objection.

Before a federal court can grant a Section 2254 application, a petitioner must first exhaust "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (per curiam); *Richards v. Dretke*, 394 F.3d 291, 293–94 (5th Cir. 2004). The only argument that Lumpkin raises related to exhaustion is that Richardson did not properly state a sufficiency of the evidence claim in his Step 1 and Step 2 grievances. *See* (Dkt. No. 29 at 2–3). In Richardson's Step 1 grievance related to his prison-disciplinary conviction, he accuses a witness of providing false and fraudulent documents. (Dkt. No. 23-1 at 3). Richardson characterizes these documents as providing "insufficient Evidence To Support" the alleged assault at the

---

[3] Magistrate Judge Libby also concludes that Richardson's sufficiency of the evidence claim fails on the merits. (Dkt. No. 28 at 6). As to Richardson's challenge to the loss of commissary, telephone, and recreation privileges as well as his reduction in line class status, Magistrate Judge Libby concludes that the loss of these privileges does not implicate the Due Process Clause. (*Id.* at 7–8). As to Richardson's challenge to the loss of good-time days, Magistrate Judge Libby further concludes that there is "some evidence" to support the disciplinary finding, which is constitutionally required. (*Id.* at 8–9). No party objects to this recommendation, and the Court adopts it in full.

3

heart of his prison-disciplinary conviction. (*Id.*). Richardson denies that there was an assault in the first place, pointing to the lack of pictures or video as well as lack of injury. (*Id.*). In Richardson's Step 2 grievance, he reiterates the same complaint: the lack of pictures, video, or proof of injury. (*Id.* at 5). He again challenges the documents as false and fraudulent, which tainted the hearing. (*Id.*). The Court thus agrees with Magistrate Judge Libby that Richardson exhausted a sufficiency of the evidence claim. *See* (Dkt. No. 28 at 6–7). The Court overrules the objection. Regardless, the result is the same: the Court denies the habeas petition.

### III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. The Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 25). The Court further **DISMISSES WITH PREJUDICE** Petitioner Stephen Wayne Richardson's habeas petition under 28 U.S.C. § 2254. (Dkt. No. 1). The Court further **DENIES** a certificate of appealability.

It is SO ORDERED.

Signed on March 29, 2022.

                                                                   _____
                                                                   **DREW B. TIPTON**
                                                                   **UNITED STATES DISTRICT JUDGE**